### C. B. STEPHENS *v.* SARAH F. REAVIS.

[Abstract Kentucky Law Reporter, Vol. 3—475.]

**Statute of Frauds and Perjuries.**

> In this state part performance is not sufficient to take an oral contract for the sale of land out of the statute of frauds and perjuries. It follows that there can be no judgment of specific performance of a verbal contract of purchase of land.

**Occupying Claimant.**

> An occupying claimant of land purchased by a verbal contract, while not entitled to compel specific performance, is entitled to have a lien decreed for improvements made on the land by him; and when he is the son-in-law of the owner of the land an advancement to his wife by her father can not be charged against the son-in-law and be deducted from the amount of his claim and lien.

**Rents Chargeable.**

> One who has entered upon real estate under a parol gift, which is afterwards repudiated by the donor, will not be required to account for rents.

APPEAL FROM WARREN CIRCUIT COURT.

December 17, 1881.

OPINION BY JUDGE HARGIS:

Edwin Reavis, having paid $5,265 for a tract of land, caused it to be conveyed as an advancement to four of his daughters. Thereafter one of them married the appellant. In December following the marriage, the four daughters and appellant conveyed the land to Reavis, who suggested that by getting his land together he could divide it better between his children, and agreed in consideration thereof to will to the grantors other lands of equal value to the land they conveyed to him.

Soon after the execution of this conveyance Reavis induced appellant to sell a tract of land which he owned and resided on, and move to the land in contest, by agreeing to convey it to him and his wife. Not long after appellant was thus placed in possession, a child was born of his wife, and Reavis advised him to purchase an adjacent tract and improve the one in controversy. But appellant was unwilling to make the additional purchase without an assurance from Reavis that he would convey the land to him and his wife as he had agreed to do, and upon the iteration of . Reavis' promise the appellant purchased the adja-cent tract and improved the land in dispute to the extent of $2,000, $1,000 of which Reavis furnished him. Appellant's wife and child died in 1876.

Reavis having failed to convey the land to appellant or his wife, and having made his will and devised it to the appellee, after his death, she instituted this action in ejectment to recover the possession and damages for its detention. The appellant pleaded the facts as above set forth, which were substantially proven, and sought a specific performance of the verbal contract by which Reavis agreed to convey the land, and in the event this relief was denied he asked pay for his improvements and exemption from rents.

Appellee put in issue all the material allegations made by appellant. Upon hearing the court adjudged to the appellee the possession of the land, with rents from Reavis' death, and gave appellant credit for his improvements, except as to $1,000 which had been received by him from Reavis and used in erecting the

improvements. To reverse that judgment this appeal is prosecuted.

The promise to devise other lands equal in value to the lands conveyed to Reavis by the four daughters and appellant was based upon a valuable consideration, and while it is within the statute of frauds because he signed no writing to evidence his promise, yet equity and good conscience would have required him or his devisees either to surrender the land or pay for it, had a rescission of that contract been demanded. But no rescission having been prayed and the pleadings and proof failing to show that the land in contest was given in discharge of the consideration named in the deed from them to him, we are constrained to base our opinion upon the other transactions disclosed in the record, treating that transaction, however, as evidence of the purpose of Reavis in furnishing appellant with the $1,000.

Since the case of *Grant's Heirs v. Craigmiles,* 1 Bibb (Ky.) 203, the tendency of the decisions of this court has been to require evidence in writing of a contract of sale of land before a specific performance will be decreed. In England and some of the American states part performance has been held sufficient to take an oral contract for land out of the statute of frauds and perjuries, but it has met with but little favor for that purpose in this state, and it may be regarded as settled by authority that the rule does not obtain with us.

The agreement of Reavis to convey to the appellant and his wife the land in controversy, being verbal, can not therefore be specifically enforced; but the appellant was entitled to a lien on the land for the value of the improvements made upon it by him, without reduction by reason of the $1,000 which he received from Reavis. This $1,000 was given to the appellant as an advancement to his wife, and so soon as it came to his possession, free from the character of separate estate and unqualified by trust, the title to it vested in him absolutely. Its use in erecting the improvements did not operate to invest Reavis with title to such part of the improvements as were made by it.

There is no evidence that Reavis attempted to make the gift or contemplated return of this money to himself, until after the death of appellant's wife and child. His will shows upon its face that he had made advancements to all of his children except her. The deed to his four daughters and appellant for the land paid

for by him, and his reason which induced them to convey it to him, evidence a settled purpose on his part not to omit appellant's wife from the benefit of advancements which he was in the habit of making to his children. When he gave the $1,000 to appellant, nothing had occurred to suggest the idea that it was not an advancement to the latter's wife, but on the contrary the acts and statements of Reavis leave no moral doubt that such was his intention. Having executed that intention by the delivery of the money he had no legal nor equitable right to revoke his completed gift.

It is suggested, however, that instead of delivering the whole of the $1,000 to appellant, Reavis paid for some of the material and delivered, or caused it to be delivered, to appellant to build the house with. This, if true, can not alter the case, because the material was personalty and reduced to possession by appellant before it went into the improvements and became part of the realty. It was his absolute property when he used it in the erection of the building. We are, therefore, of the opinion that the $1,000 ought not to have been credited on the value of appellant's improvements.

It was error to charge appellant with rent from Reavis' death. The appellant took possession of the land at the solicitation of Reavis under an oral gift, and no demand of the possession is proved to have been made before the institution of the action, and certainly it would be unjust to require the appellant to pay rent, under this state of case, before the action was brought or the possession required.

But this court has laid it down broadly, in the case of *Smith v. Smyser* (see page 176 of this volume), that one who has entered upon real estate under a parol gift, which is afterwards repudiated by the heirs of the devisor, will not be required to account for rents. It can make no difference, in principle, that the donor repudiated the gift, for to hold otherwise would be to allow rent in violation of the contract of the parties, and to give damages where no injury has been inflicted.

Wherefore the judgment is *reversed* and cause remanded with directions to render judgment in conformity to this opinion.

*Rodes & Settle, Ed. W. Hines, for appellant.*
*Wright & McElroy, for appellee.*